UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:17-04300 JLS (ADS)                                   Date:   April 20, 2020

Title:  *Jesse Candelario Galvan v. Kathleen Allison and Stuart Sherman*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED DUE TO PENDING STATE APPEAL**

## I. INTRODUCTION

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed by Petitioner Jesse Candelario Galvan ("Petitioner"), a California state prisoner. [Dkt. No. 1].[1] The Court's review reveals that the Petition is subject to dismissal because an appeal is currently pending before the California Court of Appeal which may moot the instant federal Petition. The Court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue. For the reasons discussed below, Petitioner is **ORDERED TO SHOW CAUSE** in writing **by May 11, 2020** why the instant Petition should not be dismissed.

## II. RELEVANT BACKGROUND

On March 29, 2019, Petitioner, through counsel, filed a petition to vacate his conviction and for resentencing in Los Angeles County Superior Court, pursuant to California Penal Code § 1170.95(a). [Dkt. No. 45-15, LD 15]. On July 16, 2019, the Superior Court denied the petition. [Dkt. No. 45-17, LD 17].

---

[1] All citations to electronically-filed documents refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:17-04300 JLS (ADS)                                          Date:   April 20, 2020

Title:  *Jesse Candelario Galvan v. Kathleen Allison and Stuart Sherman*

On August 1, 2019, Petitioner, through counsel, filed a notice of appeal with the California Court of Appeal, Second Appellate District, appealing the Superior Court's denial of the petition for resentencing.  [Dkt. No. 45-18, LD 18].  To date, that appeal is still pending and briefing has not been completed.  See California Appellate Courts Case Information, 2nd Appellate District, http://appellatecases.courtinfo.ca.gov (Case No. B300323).

### III.    PENDING STATE APPEAL MAY REQUIRE DISMISSAL OF PETITION

The instant Petition may be subject to dismissal due to Petitioner's pending state appeal.  A pending state appeal renders a federal habeas petition subject to dismissal even if the claim raised in the federal petition is different from the issue raised in a pending state appeal.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged . . . has been finally settled in the state courts.").  This is because, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question."  Id. at 634 (internal citation omitted).

A federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm.  See Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Younger abstention is appropriate if the following three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate federal constitutional claims.  See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  When Younger abstention is appropriate, the court must dismiss the action without prejudice.  Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) (as amended Mar. 30, 1989).

Here, Petitioner has a state appeal pending before the California Court of Appeal.  [Dkt. No. 43, pp. 16, 18].  It appears the state proceedings are ongoing, as briefing is not

CV-90 (03/15) - KIL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:17-04300 JLS (ADS)                               Date:   April 20, 2020

Title:  *Jesse Candelario Galvan v. Kathleen Allison and Stuart Sherman*

yet complete.  California Appellate Courts Case Information, 2nd Appellate District, http://appellatecases.courtinfo.ca.gov (Case No. B300323).  The Court will need additional information to determine whether Younger abstention is appropriate in this case.

### IV.     CONCLUSION

Petitioner is **ORDERED TO SHOW CAUSE** in writing **by May 11, 2020** why the Court should not dismiss this action without prejudice under Younger and Sherwood.  Petitioner must also provide a copy of his opening brief in case number B300323 with the California Court of Appeal.

**Petitioner is expressly warned that his failure to timely comply with this Order may result in the Court issuing an order dismissing for the reasons stated above, failure to prosecute, and/or failure to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Clerk kh